RAPPLEYE *et al.* v. ADEE, appellant.

*Statute of frauds — what constitutes delivery.*

Plaintiffs purchased, by oral contract, twenty-five sheep from defendant. The sheep were separated from defendant's flock, plaintiffs' mark put upon them and placed in a separate inclosure ; no part of the purchase-money was paid. After a short time they were turned in again with defendant's sheep.

*Held,* that the jury were warranted in finding that there was a sufficient delivery of the sheep to take the sale out of the statute of frauds.

THIS is an action commenced in a justice's court, and, after a verdict for the plaintiff, appealed to the county court of Seneca

county and retried. The action was brought to recover damages for the non-fulfillment by the defendant of a contract for the sale of twenty-five sheep.

The proofs show that in 1869, the plaintiffs made an oral contract with the defendant for the purchase of said sheep for the sum of $71.75; that said sheep were selected by one of the plaintiffs out of defendant's flock, and with the assistance of the defendant's hired man, acting under the instructions of the defendant, separated from the rest of the flock and marked with plaintiffs' mark and put in a separate inclosure; that the defendant agreed to pasture them for the plaintiffs eight or ten days and they were to be kept in a separate field, but, upon the suggestion that the pasturage in that field and the fences around it were poor, it was afterward agreed to let them run with the other sheep, and, after a few hours separation, they were turned back with the flock. Plaintiffs had a note against the defendant for $16, which was to be applied upon the purchase and were to pay cash for the balance. The plaintiff not having the note with him then, it was agreed that the defendant's hired man should go to the plaintiff's house the same day and receive the note, the interest being cast upon it, and a check on the bank for the balance. Defendant did not send for the note and check, but soon after sold and delivered the sheep to another person, at a small advance in price. Plaintiff on the day of the purchase, on his return home, cast the interest on the $16 note making it forty-two cents, and indorsed on the note a receipt for the amount, $16.42, to apply on the sheep, and drew a check on bank for the balance of the purchase $55.33, and left it with his wife to deliver to defendant's hired man, according to agreement upon request. On learning of the sale of the sheep by defendant, plaintiff tendered said note and check, and also the amount of said check in money, and demanded the sheep, which demand was refused.

On the trial in the county court, the judge held that the contract was void under the statute of frauds, unless the sheep were actually delivered to and accepted by the plaintiffs, and submitted that question to the jury, directing them, if they found for the plaintiffs, they might treat the $16.42 note as paid, and find for the plaintiffs the damages for the sale of the sheep, being the difference between the note and the price received for the sheep by the defendant at the time of the sale, deducting the amount unpaid upon the sheep at the time. The jury found a verdict for the plaintiffs for

$35, and, on motion in the county court, a new trial was denied in that court, and defendant appeals therefrom to this court.

*William V. Bruyn*, for appellant.

*Seeley & Gilchrist*, for respondent.

E. D. Smith, J. The contract of sale in this case being by parol, and no part of the purchase-money actually paid by the vendee at the time of the purchase, the question presented, and the only one in this case is, whether the contract was taken out of the statute by the delivery and acceptance of the sheep sold.

In *Shindler* v. *Houston*, 1 N. Y. 261, which is a leading case in this State upon the question, it was held that to constitute a delivery and acceptance of the goods such as the statute requires some thing more than mere words is necessary. Superadded to the language of the contract, there must be some act of the parties, amounting to a transfer of the possession and an acceptance thereof by the buyer.

The rule of this case, it seems to me, was properly applied on the trial of this cause. The judge advised the jury that the contract was void under the statute, unless there was a delivery and acceptance of the sheep at the time of the bargain. The evidence, I think, clearly warranted the jury in finding such delivery and acceptance. The sheep were selected and separated from the rest of defendant's flock, and the plaintiffs' mark put upon them, and then, after such separation, it was agreed to let them run with the defendant's sheep for a few days.

The whole question in respect to the acts of the parties relating to this question of the delivery and acceptance of the sheep was fairly submitted to the jury, and their verdict, I think, cannot properly be disturbed.

No error, I think, occurred on the trial, and the order denying the motion for a new trial should be affirmed.

*Order affirmed.*